UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Camille A. Abboud,

Plaintiff,

Case No. 19-cv-2826 (PJS/TNL)

v.

**ORDER**

Xcel Energy, Inc., et al.,

Defendants.

Camille A. Abboud, 46 Chandler Drive, St. Johns, FL 32259 (pro se Plaintiff); and

Melissa Raphan, Dorsey and Whitney LLP, 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402 and Dayna L. Dowdy, Meghan W. Martinez, and Sarah Nolan, Martinez Law Group, P.C., 720 S. Colorado Blvd., Suite 1020-S, Denver, Colorado, 80246.

This matter is before the Court on Plaintiff's Motion for Disqualification of the Martinez Law Group. (ECF No. 14). For the reasons set forth below, the Court will deny the motion.

## I. BACKGROUND

Plaintiff Camille A. Abboud has filed suit, alleging claims under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, and Minnesota common law. (ECF No. 1, p. 3). Defendants are represented by several attorneys from the Martinez Law Group, including Meghan W. Martinez.

In 2008, Attorney Martinez represented Abboud, Xcel Energy Services, Inc. ("XES"), and two other individuals in a lawsuit filed by Joseph Kashawny in the United

States District Court for the District of Colorado. (ECF No. 20-7, p. 1). Kashawny alleged claims of employment discrimination against XES and outrageous conduct against Abboud and the two other individuals who were employed by XES at the time. (ECF No. 20-7, pp. 15-20). Abboud and the other individual defendants in that case each signed a "Disclosure and Consent to Joint Representation" that gave Attorney Martinez permission to represent them and XES together. (ECF No. 20-54, pp. 1-3). Some point after the lawsuit was filed, Abboud discontinued representation with Attorney Martinez and hired Attorney Jay Jester to represent him. (ECF No. 20-1, p. 3).

Abboud left employment with XES in 2013. It appears that, since then, he has interacted with Attorney Martinez on multiple occasions, usually regarding a dispute that he had with XES. (ECF No. 20-9, p. 1; ECF No. 20-10, p. 2). In each of those interactions, Attorney Martinez was representing Xcel.

Abboud has moved to disqualify Attorney Martinez and her law firm from representing Defendants in this case. (ECF No. 14). He contends that Attorney Martinez and her law firm's representation of Defendants would constitute a conflict of interest under the Minnesota Rules of Professional Conduct.

## II. ANALYSIS

Abboud argues Attorney Martinez and her law firm must be disqualified under Minnesota Rule of Professional Conduct 1.9, which applies to attorneys practicing in this Court. D. Minn. LR 83.6. "A party's right to select its own counsel is an important public right and a vital freedom that should be preserved; the extreme measure of disqualifying a party's counsel of choice should be imposed only when absolutely necessary." *Macheca*

*Trans. Co. v. Phila. Indem. Co.*, 463 F.3d 827, 833 (8th Cir. 2006) (citation omitted). The party moving to disqualify opposing counsel bears the burden of demonstrating that disqualification is required. *Olson v. Snap Prods., Inc.*, 183 F.R.D. 539, 542 (D. Minn. 1998).

Abboud's motion is based entirely on Attorney Martinez's representation of him in a prior matter.[1] Minnesota Rule of Professional Conduct 1.9(a) prohibits a lawyer "who has formerly represented a client in a matter" from representing another person "in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client." Matters are substantially related if they involve the same "transaction or legal dispute or if there otherwise is a substantial risk that confidential factual information as would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter." Minn. R. Prof. Cond. 1.9 cmt. 3.

Abboud has not met his burden to show this matter is substantially related to the *Kashawny* matter in which Attorney Martinez briefly represented him. The *Kashawny* matter related to events alleged to have occurred between 2002 and 2008. It implicated a single cause of action relevant to Abboud, outrageous conduct, which was based largely on allegations that Abboud had called the plaintiff "offensive and derogatory racial, ethnic, and religious slurs." (ECF No. 20-7, p. 4).

---

[1] Abboud also takes issue with matters pertaining to his client file after he discharged Attorney Martinez. This dispute is not relevant to the matter at hand here.

Here, neither party has pled an outrageous conduct claim or counterclaim. Abboud generally alleges that Defendants retaliated against him for certain whistleblowing activities, including taking actions to prevent him from obtaining another job. The events relevant to this lawsuit largely occurred after Abboud left XES in 2013. Abboud has provided no other information to show how the two matters factually or legally overlap. The Court therefore concludes that this matter and *Kashawny* do not involve the "same transaction or legal dispute." Minn. R. Prof. Cond. 1.9 cmt. 3.

There is also no substantial risk that Attorney Martinez obtained confidential factual information in her prior representation of Abboud that would materially advance Defendants' position in this matter. *See id*. In his motion, Abboud alleges only that Attorney Martinez obtained "familial, marital, religious, personal, and professional Client-Attorney privileged, confidential, and detailed facts[.]" (ECF No. 14, p. 2). Abboud does not, however, provide any detail regarding this information or explain how it is relevant to this matter, or demonstrate that it would advance Defendants' interest in this matter. Abboud's conclusory assertion that Attorney Martinez has obtained protected information is insufficient to justify the extreme sanction of disqualifying counsel. *See Macheca Trans. Co.*, 463 F.3d at 833. The Court will deny his motion for this reason as well.

## III. CONCLUSION

Therefore, based upon the record, memoranda, and proceedings herein, **IT IS HEREBY ORDERED** as follows:

1. Plaintiff's Motion for Disqualification of the Martinez Law Group (ECF No. 14) is **DENIED**.

2. All prior consistent orders remain in full force and effect.

3. Failure to comply with any provision of this Order or any other prior consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: March 24, 2020

                *s/ Tony N. Leung*
                Tony N. Leung
                United States Magistrate Judge
                District of Minnesota

                *Abboud v. Xcel Energy, Inc., et al.*
                Case No. 19-cv-2826 (PJS/TNL)