UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Camille A. Abboud,

        Plaintiff,

v.

Xcel Energy, Inc., et al.,

        Defendants.

Case No. 19-cv-2826 (PJS/TNL)

**ORDER**

---

Camille A. Abboud, 46 Chandler Drive, St. Johns, FL 32259 (pro se Plaintiff); and

Melissa Raphan, Dorsey and Whitney LLP, 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402 and Dayna L. Dowdy, Meghan W. Martinez, and Sarah Nolan, Martinez Law Group, P.C., 720 S. Colorado Blvd., Suite 1020-S, Denver, Colorado, 80246.

---

This matter is before the Court on Plaintiff's Motion for Continuance for Health Reasons. (ECF No. 30). For the reasons set forth below, the Court will grant in part and deny in part the motion.

## I. BACKGROUND

Plaintiff Camille A. Abboud has filed suit, alleging claims under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, and Minnesota common law. (ECF No. 1, p. 3). Defendants have all returned a waiver of service; their responsive pleadings are due in May 2020. (ECF No. 29).

On April 8, 2020, Abboud moved to stay or continue the matter for approximately six months, so that he could receive treatment for significant health issues. (ECF No. 30).

He indicated in his motion that he may require an additional six-month stay depending on how treatment progressed. (ECF No. 30). Defendants took no position on the motion. (ECF No. 31).

## II.   ANALYSIS

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Cottrell v. Duke*, 737 F.3d 1238 (8th Cir. 2013).  "While the Court's inherent power to manage its docket places this decision within the Court's broad discretion, "the proponent of a stay bears the burden of establishing its need." *KK Motors, Inc. v. Brunswick Corp.*, No. 98-cv-2307, 1999 WL 246808 (D. Minn. Feb. 23, 1999 "Because a stay of proceedings has the potential to damage the party opposing it, the decision to stay should weigh the 'competing interests and maintain an even balance,' recognizing that the Supreme Court has counseled moderation in use." *In re Wholesale Grocery Prods. Antitrust Litig.*, No. 09-md-2090, 2013 WL 6533154 (D. Minn. Dec. 13, 2013) (quoting *Landis v. North American Co.*, 299 U.S. 248, 255 (1936)).

In this case Abboud has established good cause for a stay. Defendants do not object or argue that a stay would cause them prejudice. The Court cannot, however, conclude that a full six-month stay of all proceedings is warranted at this time. The Court therefore will stay the matter for 90 days, at which time Abboud may reapply to extend the stay if he believes a further stay is necessary given the status of his treatment.

### III. CONCLUSION

Therefore, based upon the record, memoranda, and proceedings herein, **IT IS HEREBY ORDERED** as follows:

1. Plaintiff's Motion for Continuance for Health Reasons (ECF No. 30) is **GRANTED IN PART AND DENIED IN PART AS FOLLOWS:**

    a. The matter is stayed for 90 days from the date this Order is filed.

    b. The stay shall lift automatically, absent further order from the Court.

2. All prior consistent orders remain in full force and effect.

3. Failure to comply with any provision of this Order or any other prior consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: April 17, 2020                             *s/ Tony N. Leung*
                                                                 Tony N. Leung
                                                                 United States Magistrate Judge
                                                                 District of Minnesota

                                                                 *Abboud v. Xcel Energy, Inc., et al.*
                                                                 Case No. 19-cv-2826 (PJS/TNL)